[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is in the business of recycling paper, glass and cans and has performed those services for the Town of Branford as a sub-contractor of the defendant, a trash and refuse hauler.
The parties commenced this relationship in 1990 for a five year period and then renewed the relationship for a second five year period to run through June 30, 2000.
In a three count amended complaint the plaintiff seeks to recover a balance allegedly due for the period January 24 thru April 11, 2000 and for a payment due for the month of April 2000. In the second count, the CT Page 6901 plaintiff claims damages for expenses it incurred when several of the defendant's checks for services rendered were returned for insufficient funds. In a third count, the plaintiff alleges the defendant breached a contract with the plaintiff causing it to incur substantial damages.
With respect to that third count, the allegation refers to an oral contract which the defendant breached by eliminating the plaintiff as a sub-contractor. This "contract" was not spelled out nor supported by evidence. Though substantial damages were alleged for the "illegal termination," the plaintiff presented nothing to support the existence of a binding contract and the failure to offer proof of these damages compels the conclusion that this count was abandoned. It is therefore dismissed.
The defendant has filed a counterclaim, claiming the plaintiff is indebted to him for the cost of a performance bond for the plaintiff's portion of the Branford contract.
 DISCUSSION I
The parties agreed to prepare and exchange accountings of their invoices and payments and these have been introduced into evidence as Exhibit 1 (p1) and Exhibit 2 (deft).
The plaintiff's accounting lacks totals and contains several unexplained entries (lines 71, 92, 158, 159, 182 and 183) which total almost $6000. It shows a balance due of $28,650.47.
The defendant's summation shows an overpayment to the plaintiff of almost $3500. The plaintiff denies receiving $7000 and questions items of $2835 and $615 of Exhibit 2, for a total account arrearage of $10,450. This, plus the final month of service, April 2000, of $15,018.83 results in a revised balance due claim of $25,468.83.
The court has attempted to reconcile the differences between these two versions of the account without success.
The plaintiff has the burden of proving its case, but as this trial progressed, the claim has changed in amount and in its source. The main defense witness, Michele Balzano, has indicated a knowledge of the defendant's records, has explained them and answered questions in a candid and confident manner.
The court concludes that the plaintiff has not sustained its burden of CT Page 6902 proof on its major claim and judgment may enter for the defendant on the first count.
 II
The plaintiff's claim for damages caused by the defendant's checks being returned "NSF" must also be denied. The bulk of this claim allegedly consists of internal costs associated with handling these checks and bank charges. The claim, first listed at $4000 and then $3000, is unsupported. An estimate of bank charges was stated as $25 to $40 per check. There were nine such checks.
 III
Turning to the counterclaim, the plaintiff denies it is obligated to pay this charge. The defendant has referred to the plaintiff's duty to pay this as agreed upon between the parties. There is apparently no writing to support such an agreement, though the defendant produced testimony that the plaintiff had paid for this bond on the previous contract. The claim is for $9375 and while it may well have been paid in the first contract, the evidence is lacking to support such a charge on this, the second contract.
 CONCLUSION
Judgment may enter for defendant on the complaint and for the plaintiff on the defendant's counterclaim.
Anthony V. DeMayo Judge Trial Referee